UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ALL AMERICA INSURANCE COMPANY,

        Plaintiff,

   - against -

KEMPER INDEPENDENCE INSURANCE COMPANY

        Defendant.

------------------------------------------------------------------------x

Civ. Action No. 22-cv-7604

## COMPLAINT FOR DECLARATORY JUDGMENT

  Plaintiff All America Insurance Company ("All America"), by and through its attorneys, Seltzer & Associates, PLLC, for its complaint for declaratory relief alleges upon information and belief:

### Jurisdiction, Parties and Venue

  1. This is an action for declaratory relief pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201. Plaintiff All America Insurance Company ("All America") seeks a judgment declaring that it has no obligation to reimburse defendant Kemper Independence Insurance Company ("Kemper") for amounts it allegedly incurred in connection with its defense or indemnification of its named insured, Kent P. Neubeck ("Neubeck"), in various state court action arising out of his December 30, 2019 motor vehicle accident.

  2. All America is an Ohio corporation with its principal place of business in Ohio.

  3. At all relevant times, Kemper was and is a Florida company with its principal place of business in Florida.

  4. At all relevant times, Kemper was and is a Florida company with its principal place of

business in Illinois.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

6. Kemper is subject to personal jurisdiction pursuant to N.Y. Ins. Law § 1212 and N.Y. Gen. Oblig. Law §§ 5-1401 and 5-1402.

## The Accident

7. On December 30, 2019, Neubeck was test driving a 2020 Chevrolet Blazer then owned by All America's subrogee, Paddock Chevrolet, Inc. (the "Blazer").

8. On December 30, 2019, Neubeck, while test driving the Blazer, was involved in a multi-car accident.

9. The accident was caused by Neubeck's failure to obey a stop sign on Delaware Avenue and yield to oncoming traffic before making a left-hand turn at the intersection of Delaware Avenue and Westchester Boulevard in the Town of Towanda, County of Erie, State of New York.

10. As a result of the accident, Neubeck was charged with violating N.Y. VTL § 1141.

11. The accident was caused by Neubeck's negligent operation of the Blazer, and his statutory violations as aforesaid.

12. At all times hereinafter mentioned, Neubeck was the sole proximate cause of the accident.

## The All America Policy

13. All America issued an Auto Dealers Coverage Form Policy (the "ADCF Policy") to non-party Paddock Chevrolet, Inc. ("Paddock"), an auto dealership, which was effective on December

30, 2019, and insured certain types of first- and third-party liability in connection with its dealership operations.

### The Kemper Policy

14. Kemper issued a package plus insurance policy with a $500,000 per occurrence limit to Neubeck and his wife, Deborah Neubeck ("Neubeck") bearing policy no. RB215711, which was effective on December 30, 2019 (the "Kemper Policy").

### As and for a first cause of action

15. On December 30, 2019, Neubeck was a covered person under the Kemper Policy.

16. On December 30, 2019, the Kemper Policy covered Neubeck for liability and damages to third-parties arising out of his negligent operation of non-owned autos, including the Blazer.

17. As a result of the accident, Paddock was sued in a personal-injury action entitled *Hanna G. Mansour v. Paddock Chevrolet, Inc., Kent P. Neubeck and Santino C. Lococo,* Supreme Court, Erie County, Index No. 806437/20 (the "Mansour Action").

18. As a result of the accident, Paddock was sued in a personal-injury action entitled *Santino C. Lococo v. Paddock Chevrolet, Inc. and Kent P. Neubeck*, Supreme Court, Erie County, Index No. 809848/20 (the "Lococo Action").

19. All America has incurred legal-defense costs in excess of $100,000 defending Paddock in the Mansour Action and the Lococo Action to date.

20. Mansour and Lococo allege the accident was caused by the negligence and statutory violations of Neubeck, and seek damages against Paddock based solely on its alleged vicarious liability as owner of the Blazer.

21. All America is subrogated to the rights of Paddock for all amounts incurred defending

and, if necessary, indemnifying Paddock in the Mansour Action and the Lococo Action.

22. All America is entitled to reimbursement from Kemper for all amounts it has and continues to incur defending and, if necessary, indemnifying Paddock in the Mansour Action and the Lococo Action.

### As and for a second cause of action

23. All America repeats all previous allegations.

24. The Blazer sustained physical damage as a result of Neubeck's negligence in an amount exceeding $35,000.

25. The damage to the Blazer is a covered liability under the Kemper Policy.

26. All America is subrogated to Paddock's rights against Kemper.

27. All America paid in excess of $35,000 to settle Paddock's physical damage claim, excluding towing, storage, and related claims expenses.

28. The damage to the Blazer was a covered liability under the Kemper Policy.

29. Kemper has, to date, declined to cover any amount of the damage.

30. Kemper must reimburse All America all amounts paid to Paddock to settle its physical damage claim in an amount believed to exceed $42,000, together with claims expenses, attorneys fees, costs and pre- and post-judgment interest.

### As and for a third cause of action

31. All America repeats all previous allegations.

32. As a result of the accident, an automobile insured by Allstate Insurance Company and owned non-party Ysabel Rowley sustained damage in the amount of approximately $8,000.

33. All America is subrogated to Paddock's rights against Kemper with respect to payments it made to settle the Allstate claim.

34. All America paid approximately $8,000 to settle Allstate's physical damage claim, excluding towing, storage, and related claims expenses.

35. The physical damage to the Rowley auto and all related expenses were covered liabilities under the Kemper Policy on October 30, 2019.

36. Kemper declined to cover any amount of the damage.

37. Kemper must reimburse All America all amounts it incurred in connection with Allstate's claim in an amount believed to exceed $14,000, together with claims expenses, attorneys fees, costs and pre- and post-judgment interest.

## As and for a fourth cause of action

38. All America repeats all previous allegations.

39. As a result of the accident, All America became obligated to pay Mansour workers compensation benefits, including lost wages and medical expenses.

40. As a result of the accident, All America became obligated to pay first-party no-fault benefits to other injured parties.

41. All America paid Mansour more than $100,000 in workers compensation benefits.

42. All America paid other injured parties more than $50,000 in no-fault benefits.

43. All amounts paid to Mansour and other injured parties are reimbursable from the at-fault party's insurer under N.Y. Ins. Law § 5102(a)(1) and (2).

44. The accident was caused by Neubeck's negligence and statutory violations.

45. Neubeck was a covered person under the Kemper Policy within the meaning of New York Ins. Law § 5105(a) on December 30, 2019.

46. All conditions precedent to recovery have been met.

47. All America is entitled to a judgment declaring that Kemper must reimburse All

America all amounts paid to Neubeck and others for workers compensation and no-fault benefits, in an amount believed to exceed $150,000, together with claims expenses, attorneys fees, costs and pre- and post-judgment interest.

### As and for a fifth cause of action

48. All America repeats all previous allegations.

49. The All America Policy does not cover any limits coverage to garage risks incidental to Paddock's operations as a dealership.

50. The All America Policy affords "customers" with minimum liability coverage in the amount of $25,000, and only where other conditions have been met.

51. Neubeck was not a "customer" on December 30, 2019.

52. The Kemper Policy covers Neubeck's liability in connection with the accident.

53. All America is entitled to a judgment declaring that it had no obligation to contribute. to any amounts paid by Kemper to defend or indemnify Neubeck in the state court actions.

### As and for a sixth cause of action

54. All America repeats all previous allegations.

55. To the extent Neubeck was a "customer" on December 30, 2019, the All America Policy, subject to its terms and conditions, limits available liability coverage to $25,000.

56. All America is entitled to a judgment declaring that its obligation, if any, to contribute to any amounts paid by Kemper to indemnify Neubeck in the state court actions may not exceed the All America Policy's $25,000 per occurrence limit.

### As and for a seventh cause of action

57. All America repeats all previous allegations.

58. The All America Policy and Kemper Policy insure different types of risk and their

8

respective obligations to defend or indemnify Neubeck may not be decided based solely on a comparison of the "other insurance" clauses in the respective policies.

59. All America is entitled to a judgment declaring that any coverage available to Neubeck under the All America Policy with respect to the October 30, 2019 accident is excess to and non-contributory with the coverage available to him under the Kemper Policy.

**WHEREFORE**, plaintiff All America requests that this Honorable Court enter a judgment:

i. awarding All America judgment of all amounts sought in its first, second, and third causes of action, together with costs and pre- and post-judgment interest;

ii. declaring that Kemper must reimburse All America all amounts sought in its fourth cause of action, together with costs and pre- and post-judgment interest;

iii. declaring, on its fifth cause of action, that All America had no obligation to contribute to any amounts paid by Kemper to defend or indemnify Neubeck in the state court actions;

iv. declaring, on its sixth cause of action, that All America's obligation, if any, to contribute to any amounts paid by Kemper to indemnify Neubeck in the state court actions may not exceed the All America Policy's $25,000 per occurrence limit for customers;

v. declaring, on its seventh cause of action, that coverage afforded Neubeck under the All America Policy, if any, is excess to and non-contributory with his coverage under the Kemper Policy with respect to the state court actions and all claims in connection therewith.

Dated: September 6, 2022

Respectfully submitted,

**SELTZER & ASSOCIATES, PLLC**

By: _____
Joshua L. Seltzer
597 West Side Avenue
Suite 133
Jersey City, NJ 07304
Tel: (646) 480-1396
Email: jseltzer@seltzerinsurancelaw.com

Attorneys for Plaintiff All America Insurance Company